UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cr-30043-JES |
| | ) |
| ROBERT TOWNSEND, | ) |
| | ) |
| Defendant. | ) |

ORDER

Defendant files a rambling and ill-focused 28 U.S.C. §2255 Motion to Vacate Sentence (Doc. 413), as well as nine separate memoranda of law (Docs. 411-412, 414-18, 421, and 424) in support. While these were considered by the Court, Defendant is placed on notice that the Court will not do so again. If Defendant files a motion and accompanying memorandum in the future, he must make all his arguments and cite all of his authorities in one document. The Court will not entertain sequentially filed memoranda.

In his motion, Defendant alleges that despite his request, the Court refused to appoint him an attorney at trial, and that four of the attorneys who were appointed for him provided ineffective assistance. Defendant requests a hearing on his §2255 motion and release from custody. The Government has filed a response (Doc. 419), objecting to Defendant's motion. For the reasons explained, herein, (Doc. 413) is DENIED.

BACKGROUND

On March 13, 2023, the pro se Defendant, Robert Townsend, was convicted at a bench trial under 18 U.S.C. § 2422(b), Attempted Enticement of a Minor, and sentenced to 10 years of imprisonment and 10 years of supervised release. Judgment entered on September 27, 2023. Defendant filed a series of premature appeals and one timely one. There, he contested only the term

of his supervised release. On July 24, 2024, the Seventh Circuit denied the appeal. (Doc. 407).

During the pendency of the case, Defendant was represented by nine CJA Panel Attorneys, Daniel Knoll, Jason R. Vincent, Robert Scherschlight, Elizabeth Pollock, Mark Wycoff, Jeffrey Page, Charles Schierer, and John Lonergan; with Patrick Boyle, representing Defendant at a fitness hearing. At a July 21, 2022 status conference, Defendant told then-presiding Judge, Sue Myerscough, that he wanted "to release AFPD Scherschlight and the Office of the Federal Public Defender as counsel." *See* text order July 21, 2022. Judge Myerscough undertook a *Faretta*[1] colloquy, questioning Defendant as to whether he was equipped to try the case on his own, advising that he would be better served to continue with Attorney Scherschligt. Mr. Scherschligt had responded in open court that he was willing to continue representing Defendant. However, Defendant would not relent, and Judge Myerscough ultimately granted the motion, finding that Defendant had knowingly and voluntarily waived the right to counsel. (Doc. 363 at 14).

On December 1, 2022, at the final pretrial conference, Defendant made an oral motion for the appointment of counsel. The Court vacated the trial date and appointed CJA Panel Attorney Charles Schierer. On December 20, 2022, Attorney Schierer filed a Motion to Withdraw, asserting a "significant breakdown in [his] working relationship with Defendant" and Defendant's refusal to further communicate with him and assist in the defense. On January 5, 2023, the Court allowed Attorney Schierer to withdraw and denied Defendant's request for the appointment of alternate counsel. Defendant appeared pro se at the March 13, 2023 bench trial.

## LEGAL STANDARD

"Federal prisoners who seek to collaterally attack their conviction or sentence must ordinarily bring an action under § 2255, 'the federal prisoner's substitute for habeas corpus.'"

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

*Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). "Relief under [§ 2255] is an 'extraordinary remedy.'" *Coleman v. United States*, 79 F.4th 822, 826 (7th Cir. 2023) (quoting *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007)). Such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, or that he is innocent. *See Grzegorczyk v. United States*, 997 F.3d at 743(7th Cir. 2021). However, "claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion." *Perez v. United States*, JPS-23-718, 2023 WL 4423908, at *3 (E.D. Wis. July 10, 2023) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

A district court must liberally construe a *pro se* petitioner's § 2255 motion. *See United States v. Lomax*, 51 F.4th 222, 227 (7th Cir. 2022). But, "it [is] not [a district] court's duty to imagine every possible argument for [a § 2255 movant], even when liberally construing his pro se filings." *Harris v. United States*, 13 F.4th 623, 629 (7th Cir. 2021). Finally, "'[w]hen considering a § 2255 motion, the district court reviews the record and draws all reasonable inferences in favor of the government.'" *United States v. Mandell*, No. 18-271, 2022 WL 1499931, at *3 (N.D. Ill. May 11, 2022) (quoting *United States v. Saleh*, No. 15-11552, 2016 WL 2766305, at *2 (N.D. Ill. May 13, 2016) (in turn citing *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992)).

**ANALYSIS**

3

Defendant alleges that the Court violated his Sixth Amendment protections when it refused to appoint him counsel after another of his court-appointed attorneys, Charles Schierer, was allowed to withdraw. At the January 5, 2023 hearing on Attorney Schierer's motion, the following discussion took place:

THE COURT: And you've not been able to, for one reason or another, either work with them or -- and you've agreed that none of them can represent you. Is that correct?

THE DEFENDANT: Your Honor, I did not say they agreed to work with me. I just explained their ethical duties and showed them some truth and asked them to verify some truth. And I gave each one of them an affidavit, notarizing the penalty of perjury, to ask them to investigate stuff to verify the truth.

THE COURT: So, in other words, when they don't do as you believe should be done, you are no longer interested in having them represent you. Isn't that what you're really telling me?

THE DEFENDANT: No, Your Honor.

THE COURT: What are you telling me, Mr. Townsend?

THE DEFENDANT: Your Honor, I just explained to them what I just asking them to verify the truth. That's it.

THE COURT: What does that mean?

THE DEFENDANT: Well, I gave them some facts of what background checks I have passed, stuff I never did before, and that's all. I asked them to verify the truth. That's it.
(Doc. 360 at 5-6).

THE COURT: So, faced with a situation that you're trying to create for me, which I understand, and that is you're not saying that you want to represent yourself; you're just making it impossible for anybody that I appoint or that previous judges have appointed to represent you, so you -- and if that's your plan here, that's all fine.

THE DEFENDANT: There's no plan.
*Id*. at 6.

THE COURT: What, what good would it do to appoint another attorney for you, Mr. Townsend?

4

THE DEFENDANT: Well, so we can discuss the plan 'cause nobody have discussed the plan of what kind of situation we should take the defense so –

THE COURT: And what if this next attorney -- like the previous attorneys -- believes that they can't file certain motions that you ask them to file?

THE DEFENDANT: I didn't make no issue about it. I just asked them to file a motion. I did not complain or make no issue about it.
*Id*. at 9.

THE COURT: Mr. Schierer was appointed to represent you on December 1st. Since that date, you filed Motion For Mandatory Dismissal of Indictment, Document Number 250. You filed a Motion of Facts to Magistrate; that's Document 254, and that was on December 15th. You filed a Motion of Prima Facie Facts, and that was filed today, Thursday, January 5. And you filed a Memorandum of Law and Motion of Prima Facie Federal Rules which is dated -- filed today's date as well, all before we came to court today. So, the fact is you are going to continue to file your own motions regardless of whether you're represented or not. And so it seems to me that, as I said, even though you are entitled to counsel, and I wish that you could have counsel –

THE DEFENDANT: If I say it will be wrong to me not be represented.

THE COURT: -- you are making it so that it's a waste of time to appoint counsel.

THE DEFENDANT: I'm requesting an attorney.

THE COURT: You can't have it both ways, Mr. Townsend, and you know that.

Id. at 11.

As previously noted, § 2255 motions are procedurally defaulted if they assert claims that could have been, but were not raised on direct appeal, unless the petitioner can demonstrate actual innocence or cause for the procedural default and prejudice. *Grzegorczyk*, 997 F.3d at 748; *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). Where, as here, the defendant makes no argument for actual innocence, the court need only consider "the cause-and-prejudice standard." *Delatorre*, 847 F.3d at 843 (citing *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). "To excuse a procedural default for cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice

stemming from the violations alleged in the defaulted claim." *Id*. (citing *Theodorou v. United States*, 887 F.2d 1336, 1340 (7th Cir. 1989)).

Defendant knew on January 25, 2023 that additional counsel would not be appointed. Despite this, he did raise the issue on appeal, only appealing that "the district judge erred by allowing [Defendant's] crime's seriousness to affect the length of supervision." (Doc. 407 at 1). Defendant offers nothing to support a good faith cause for his failure to appeal the Court's refusal to appoint him yet another attorney. As Defendant cannot establish the first prong of the test, the Court need not consider actual prejudice. *Id*. at 843.

Defendant also claims ineffective assistance, summarily alleging that attorneys Noll, Page, Wycoff, and Scherschligt provided constitutionally deficient representation. While Defendant did not raise the ineffective assistance of counsel claim on appeal, a § 2255 motion for ineffective assistance of counsel may proceed regardless of whether the issue was appealed. *See Massaro v. U.S.,* 538 U.S. 500, 504 (2003) ("an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal").

Here, Defendant makes generalized statements that attorneys Noll, Page, Wykoff and "Shister," (undoubtedly, Scherschligt) "lacked skills" and "failed to obtain legally relevant facts from [Defendant] . . . failed to prepare a competent defense . . . failed to advise him of his constitutional rights . . . failed to conduct (any) form of pretrial investigation . . . failed to keep [Defendant] adequately apprised of pretrial preparations . . fails to object to the admission of 'any' government's documentary evidence. . ." And, finally, that "he" was inexperienced as a trial lawyer, perhaps referring to Attorney Noll. (Doc. 413 at 7-10).

To prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) "counsel's performance was deficient," and that (2) "the deficient performance prejudiced the

defense." *Strickland v. Washington*, 466 U. S. 668, 687 (1984)). "The first prong [of *Strickland*] requires a showing that counsel's representation 'fell below an objective standard of reasonableness.' To satisfy the second, the defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Shannon v. United States*, 39 F.4th 868, 877 (7th Cir. 2022) (citing 466 U.S. at 687). If the defendant cannot sustain one of the elements, the court need not consider the other. *Id*. In examining counsel's conduct, the courts are "highly deferential" and presume that a counsel's decisions constitute a reasonable litigation strategy. *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005); *United States v. Berg*, 714 F.3d 490, 499 (7th Cir. 2013).

The general allegations Defendant has asserted against the four attorneys are unduly vague and do not identify in what manner any of the attorneys' performance was deficient. *See Karr v. Sevier*, 29 F.4th 873, 884 (7th Cir. 2022) (affirming the denial of defendant's § 2255 motion based on defaulted claims which were "vague, conclusory, or both.") *cert. denied,* 143 S. Ct. 202 (2022). In response, the Government notes "Attorneys Noll, Wykoff, and Scherschligt had all prepared for trial and even noted for the Court that they were prepared to continue to represent the defendant even after the defendant filed a motion to have them removed." (Doc. 419 at 20). In addition, Attorneys Noll and Wykoff "filed a number of motions and responses in preparation for trial," Attorney Page asked for a continuance to ensure he was prepared for trial, and Attorney Page "filed a motion for competency to ensure the defendant's mental capability to stand trial." *Id.*

One of the few allegations that has any specificity is that Attorney Noll did not undertake "pretrial investigations and present personal mitigation evidence." (Doc. 415 at 15). However, Defendant does not further elaborate. *See United States v. Givens*, No. 19-1696, 2022 WL 4051094, at *6 (N.D. Ill. Sept. 2, 2022) ("a petitioner claiming that his counsel failed to conduct an adequate investigation has the burden of providing the court 'a comprehensive showing as to what

the investigation would have produced.'") (citing *Fuller v. U.S.*, 398 F.3d 644, 652 (7th Cir. 2005); *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003). Like the defendant in *Givens*, the Court finds that the Defendant here "offers no specific line of evidence that his attorney should have investigated or what the attorney would have found if he had done so." *Id*.

Defendant also asserts that Noll failed to assert the defense of entrapment, however, Defendant asserted it at trial while representing himself. After hearing Defendant's arguments, the Court affirmatively stated, "So, there's no entrapment." (Doc. 362 at 187). Defendant does not show how he was prejudiced by Attorney Noll not having earlier raised it. Defendant also asserts that Attorney Noll did not file an appeal, but does not claim he asked Noll to file or identify the issues he wanted appealed. "[P]erfunctory and undeveloped arguments and arguments that are unsupported by pertinent authority are waived, even where those arguments raise constitutional issues. *Givens*, 2022 WL 4051094, at *2 (denying § 2255 motion where defendant failed to develop his claims and "provide any specific facts or explanations of his conclusory arguments . . .". (citing *Argyropoulos v. City of Alton*, 539 F.3d 724, 739 (7th Cir. 2008) (in turn citing *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006)).

Defendant also pursues a Coram Noblis writ of error. "Coram nobis is a 'rare form of collateral attack,' available to defendants who are out of custody, allege a fundamental error that would render the conviction invalid, provide a sound reason for failure to seek relief earlier, and show continued harm from the conviction." *United States v. Johnston*, No. 22-2202, 2023 WL 4196827, at *2 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 511 2023 (quoting *United States v. Delhorno*, 915 F.3d 449, 450–51 (7th Cir. 2019)). *See Buchanan v. United States*, No. 09-163, 2009 WL 1580248, at *1 (W.D. Wis. June 4, 2009) ("Because defendant is still in custody he is ineligible to challenge his conviction by way of a writ of error coram nobis. A federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under

8

28 U.S.C. § 2255." (citing *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003)). Defendant has no recourse here under coram nobis.

Lastly, Defendant asserts that under Fed R. App. P. 23(c) he must be released on his own recognizance with a surety. However, this rule only applies where the District Court has granted §2255 relief. *See* R. 23(c):

> **Release Pending Review of Decisions Ordering Release**. "While a decision ordering the release of a prisoner is under review, the prisoner must . . . be released on personal recognizance, with or without surety."

As the Court has not ordered Defendant's release, this provision does not apply.

The Court hereby denies Defendant's §2255 motion and denies Defendant's request for an evidentiary hearing. An evidentiary hearing on a § 2255 motion is not mandatory, and a request for a hearing may be denied if "the record conclusively demonstrates that the defendant is entitled to no relief." *Mitchell v. United States*, 846 F.3d 937, 941 (7th Cir. 2017). Courts should dismiss motions to vacate without a hearing where it plainly appears from the motion, facts, and record that the movant is entitled to no relief. 28 U.S.C. § 2255; Rules Governing § 2255 Cases, Rule 4(b). The motion, files, and records of this case conclusively show that Defendant is not entitled to relief, and no hearing is required. *See Galbraith v. United States*, 313 F.3d 1001, 1010 (7th Cir. 2002) (affirming district court's decision to forego an evidentiary hearing where petitioner did not provide "specific details").

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Here, for the reasons stated, the Court declines to certify any issues for appeal pursuant to § 2253(c)(2).

### CONCLUSION

For the reasons stated above, Defendant's 28 U.S.C. § 2255 motion to vacate, set aside or

correct sentence (Doc. 413) is DENIED with no certificate of appealability to issue. The Clerk is instructed to close the file and enter judgment accordingly.

Entered this 22nd day of October 2024.

                                                    __s/James E. Shadid_____
                                                        JAMES E. SHADID
                                        UNITED STATES DISTRICT JUDGE